UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JARED BALVIN,<br><br>                Plaintiff,<br>   vs.<br><br>AMERICAN FAMILY MUTUAL<br>INSURANCE COMPANY,<br><br>                Defendant. | CIV. 19-4153<br><br>**ORDER DENYING MOTION TO DISMISS** |

Pending before the Court is Defendant's Motion to Dismiss. Doc. 6. For the following reasons, Defendant's Motion to Dismiss is denied as moot.

## BACKGROUND

On September 4, 2019, Jared Balvin ("Plaintiff") filed a complaint ("Initial Complaint") against American Family Mutual Insurance Co. ("Defendant"). Doc. 1. Therein, Plaintiff alleged that on or about October 14, 2013, he was a passenger in a vehicle which was "violently" rear-ended by an underinsured motorist and suffered severe and permanent injuries as a result. Doc. 1, ¶¶ 2, 3. Plaintiff alleged that to-date, he has incurred medical expenses in the amount of $63,921.53 and loss of earning capacity or income exceeding $121,193.00, and is reasonably certain to incur in the future medical expenses of $496,500.30 and loss of future income of $1,491,750.00. Doc. 1, ¶ 3. Plaintiff also alleged that he has experienced and is reasonably likely to experience future pain and suffering and loss of enjoyment of life. Doc. 1, ¶ 3.

In Count I of the Initial Complaint, Plaintiff alleged that he is legally entitled to recover damages in an amount exceeding the combined limits of underinsured motorist coverage under auto and umbrella, and that Defendant has a duty to pay him the full amount of benefits contractually due to him. Doc. 1, ¶ 3. Plaintiff alleged that Defendant breached its contractual duty to Plaintiff by offering him no underinsured motorist ("UIM") benefits in August of 2019. Doc. 1, ¶ 4.

In Count II of the Initial Complaint, Plaintiff alleges that Defendant breached its duty of good faith and fair dealing to Plaintiff, its insured.  Doc. 1, ¶ 5.

On September 30, 2019, Defendant filed a Motion to Dismiss Plaintiff's Initial Complaint. Doc. 6.  With regard to Plaintiff's Count I breach of contract claim, Defendant argues that Plaintiff has failed to state a claim for relief because he did not plead facts that would show the existence of an enforceable promise.  Doc. 7 at 6.  With regard to Plaintiff's claim for bad faith alleged in Count II of the Initial Complaint, Defendant argues that Plaintiff has failed to state a claim for relief because Plaintiff alleges no facts supporting "an absence of a reasonable basis for denial of policy benefits" by Defendants, nor facts showing that Defendant failed to comply with a duty under the insurance contract.  Doc. 7 at 7 (citing *Dakota, Minn. & E. R.R. Corp.*, 771 N.W.2d at 629 (S.D. 2009)).

Plaintiff did not file a response to the motion to dismiss, but instead filed a Motion to Amend/Correct Complaint on November 5, 2019.  Doc. 8.  Defendant opposed the motion to amend, stating that it lacked any facts showing that Plaintiff exhausted the underlying liability limits or met a "threshold requirement" established by this Court in *Schultz v. Heritage Mut. Ins. Co.*, 92 F.Supp. 1051 (D.S.D. 1995) which, Defendant argued, is required before an insurer's agreement to pay for uncompensated damages kicks in under SDCL 58-11-9.5.  Doc. 10.  As in its Motion to Dismiss, Defendant argued that Plaintiff failed to plead sufficient facts in his bad faith claim alleged in Count II showing that Defendant lacked a reasonable basis for denial of policy benefits or a failed to comply with a duty under the insurance contract, and that Defendant had knowledge or reckless disregard of the lack of a reasonable basis for the denial.  Doc. 10.

On November 29, 2019, the Court rejected Plaintiff's Motion to Amend for failure to comply with Local Rule 15.1 requiring that proposed changes be highlighted or underlined.  Doc. 11. On March 2, 2020, Plaintiff filed a Second Motion to Amend.  Doc. 12.  On March 18, 2020, the Court denied the motion on the basis that it did not comply with Local Rule 15.1 requiring that proposed changes be highlighted or underlined.  Doc. 14.

On April 24, 2020, Plaintiff filed a Third Motion to Amend Complaint.  Doc. 15.  The proposed Third Amended Complaint maintains the Count I breach of contract claim, but omits the Count II bad faith claim.  In support of its Motion to Amend Complaint, Plaintiff filed an affidavit and attached as exhibits various letters and emails exchanged between he and Defendant.  The

exhibits included, but were not limited to, a copy of the *Schmidt v. Clothier* notice provided to Defendant; the tortfeasor's liability limits; Defendant's UIM coverage limits; Plaintiff's current medical expenses and proposed future expenses; the proposed settlement with tortfeasor, release of liability and offer of judgment; Defendant's email consenting to settlement and declining to substitute a draft; and Defendant's letter denying Plaintiff's demand for additional UIM liability benefits on the basis that "State Farm's underlying bodily injury liability limits of $100,000.00 appear adequate to compensate [Plaintiff] for the injuries he sustained in the . . . accident." Docs. 17-1-17.

Defendant opposed Plaintiff's Third Motion to Amend. Doc. 16. Defendant argued that the Plaintiff had failed to allege a breach of contract action in its proposed Third Amended Complaint because Plaintiff failed to allege facts demonstrating that Plaintiff exhausted some of the underlying liability limits. Doc. 16. Defendant argued that Plaintiff should be required to plead the settlement amount, which, it argues, is below what this Court found to be an acceptable threshold in *Schultz v. Heritage Mut. Ins. Co.*, 92 F.Supp. 1051 (D.S.D. 1995).

After consideration of the parties' arguments, the Court granted Plaintiff's Third Motion to Amend. Doc. 19. On June 5, 2020, Plaintiff filed his Third Amended Complaint, Doc. 20. and on June 19, 2020, Defendant filed its Answer to the Third Amended Complaint, Doc. 21.

## DISCUSSION

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Initial Complaint. In its Motion to Dismiss, Defendant argues that Plaintiff had failed to state a claim for breach of contract because he did not plead facts that would show the existence of an enforceable promise. Doc. 7 at 6. Defendant's motion was filed before the Court granted Plaintiff leave to amend and before Plaintiff's Third Amended Complaint was filed with the Court.

The Eighth Circuit Court of Appeals has stated that a motion to amend a complaint may moot a pending motion to dismiss. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002). However, in the interests of judicial economy, the Court may consider a pending motion if some of the defects raised in the original motion remain in the new pleading. *See Cartier v. Wells Fargo Bank, N.A.*, 547 F.App'x 800, 803-04 (8th Cir. 2003) (citing 6 Charles Alan Wright, et al., *Federal Practice and Procedure Civil* 1476 (3d ed. 2013)).

The allegations set forth in Plaintiff's breach of contract claim in the Third Amended Complaint have changed considerably from those in the Initial Complaint. The Court concludes that in this instance, Defendants' Motion to Dismiss has been mooted by the granting of Plaintiff's Third Motion to Amend and the filing of the Third Amended Complaint.

Accordingly, it is hereby ORDERED that Defendant's Motion to Dismiss, Doc. 6, is DENIED as moot.

Dated this 2nd day of July, 2020.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____