UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JARED BALVIN,<br><br>                    Plaintiff,<br>     vs.<br><br>AMERICAN FAMILY MUTUAL<br>INSURANCE COMPANY,<br><br>                    Defendant. | CIV. 4:19-4153-LLP<br><br><br>**ORDER DENYING MOTION FOR<br>SUMMARY JUDGMENT** |

Pending before the Court is Defendant American Family Mutual Insurance Company's ("American Family") Motion to File a Supplemental Brief (Doc. 30) and Motion for Summary Judgment (Doc. 26). For the following reasons, American Family's Motion to File a Supplemental Brief is granted and its Motion for Summary Judgment is denied.

## BACKGROUND

### I.    Facts

On or about October 14, 2013, Plaintiff Jared Balvin ("Balvin") was involved in a motor vehicle accident. (Doc. 28, ¶ 1). As a result of the accident, Balvin commenced litigation against Angela Steffen ("Steffen"). (Doc. 28, ¶ 2). Steffen's liability insurance policy limits in the underlying action were $100,000. (Doc. 28, ¶ 3). Steffen's insurance company made a cash payment of $50,000 to Balvin to settle the underlying action. (Doc. 28, ¶ 4).

At the time of the accident in the underlying action, Balvin was covered by American Family Mutual Insurance Company ("American Family") Policy No. 4012-2797-07-85-FPPA-SD ("the Policy"). (Doc. 28, ¶ 5). The Underinsured Motorists ("UIM") Coverage Endorsement on page DEF 1196 of the Policy provides that "[w]e will pay under this coverage only after the limits of liability under any bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements." (Doc. 28, ¶ 6).

1

## II.     Procedural History

On September 4, 2019, Balvin filed a complaint against American Family in which he alleges: 1) that American Family breached its contractual duty to pay him damages incurred from the bodily injuries he received in the accident in an amount exceeding the underinsured motorist coverage limits of his automobile policy with American Family (Doc. 1, ¶¶ 3-4); and 2) a claim of bad faith (Doc. 1, ¶¶ 5-6).

On December 1, 2020, American Family moved for summary judgment on the basis that Balvin "failed to exhaust the limits of Steffen's liability insurance in the underlying action and meet the threshold requirement outlined in *Schultz [v. Heritage Mut. Ins. Co.*, 902 F.Supp. 1051 (D.S.D. 1995)]." (Docs. 26; 29 at 2).   On December 29, 2020, American Family filed a Motion for Leave to File Supplemental Brief. (Doc. 30).  Attached as an exhibit to this Motion is American Family's proposed brief wherein American Family argues that Balvin has failed to respond to American Family's Motion for Summary Judgment and accompanying Statement of Material Facts within the 21 days as required by District of South Dakota Local Rule 7.1(B).  (Doc. 30-1).  American Family argues that as a result, Balvin has failed to demonstrate the existence of any genuine issue for trial and that the Court may grant American Family's Motion for Summary Judgment if its undisputed facts show that American Family is entitled to judgment as a matter of law.  (Doc. 30-1).

On January 5, 2021, Balvin filed his brief in opposition to American Family's Motion for Summary Judgment, his response to American Family's statement of material facts, and his own statement of material facts.  (Docs. 31-33).  In his opposition brief, Balvin states that it was his impression that he had 35 days to respond to American Family's dispositive motion.  (Doc. 31).  On January 11, 2021, American Family filed is reply brief.  (Doc. 34).

## LEGAL STANDARD

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  To meet this burden, the moving party must identify those portions of the record which demonstrate the absence of a genuine issue of material fact, or must show that the nonmoving party has failed to present evidence to support an element of the nonmovant's case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Once the moving party has met this burden, "[t]he nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" *Mosley v. City of Northwoods, Mo.*, 415 F.3d 908, 910 (8th Cir. 2005) (quoting *Krenik v. City of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)). "[T]he mere existence of some alleged factual dispute between the parties is not sufficient by itself to deny summary judgment . . . . Instead, the dispute must be outcome determinative under prevailing law." *Id.* at 910-11 (quoting *Get Away Club, Inc. v. Coleman*, 969 F.2d 664, 666 (8th Cir. 1992)). In ruling on a motion for summary judgment, the facts, and inferences drawn from those facts, are "viewed in the light most favorable to the party opposing the motion" for summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

In South Dakota, interpretation of insurance policies is a question of law for the Court, which is well suited for summary judgment. *See Ass Kicking Ranch, LLC v. N. Star Mut. Ins. Co.*, 822 N.W.2d 724, 726 (S.D. 2012).

## DISCUSSION

### I.    Late Response by Balvin

As an initial matter, the Court will address American Family's argument in its supplemental and reply briefs that Balvin failed to respond to American Family's Motion for Summary Judgment and accompanying Statement of Material Facts within the 21 days as required by District of South Dakota Local Rule 7.1(B). In his opposition brief (filed within the Court 35 days after American Family served and filed its motion), Balvin, citing to D.S.D. LR 7.1(d) and (g), states that it was his impression that he had 35 days to respond to American Family's summary judgment motion. (Doc. 31). The Local Rules cited by Balvin do not exist. Subsection B. of District of South Dakota Local Rule 7.1 provides that "[o]n or before 21 calendar days after service of a motion and brief, unless otherwise specifically ordered by the court, all opposing parties must serve and file a responsive brief containing opposing legal arguments and authorities in support thereof." D.S.D. L.R. 7.1.B. Subsection C is the last subsection of Local Rule 7.1 and it regards "Oral Argument." Subsections D and G do not exist under Local Rule 7.1. Regardless, the Court does not find that in this case Balvin's tardy response is of great significance since his response to American Family's Statement of Material Facts demonstrates that the facts in this case remain largely undisputed. (Doc. 32).

## II.      Exhaustion Requirement

Balvin was covered by a policy of insurance that stated that American Family "will pay under this coverage only after the limits of liability under any bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements." (Doc. 28, 6). In *Schultz v. Heritage Mutual Insurance Company*, this Court examined a similar exhaustion clause in an underinsured motorist benefit policy which provided that the insurance company "will pay [underinsured motorist benefits] only after the limits of liability under any applicable bodily injury liability policies or bonds have been exhausted by payment of judgments or settlements." 902 F.Supp. 1051, 1054 (D.S.D. 1995). In addition to finding that the defendant insurer was estopped under the facts of the case from asserting the exhaustion clause to avoid UIM coverage, this Court held as a matter of law that the plaintiff "exhausted the limits of [the tortfeasor's] liability policy by accepting a below-limits settlement and then giving defendant, the UIM carrier, a credit for the full amount of the liability limits." *Id.* at 1057. Citing to *Boyle v. Erie Insurance Company*, 656 A.2d 941 (Pa. 1994), this Court stated in *Schultz* that "the exhaustion clause is best construed as a threshold requirement and not a barrier to UIM coverage," and concluded that the plaintiff had "satisfied the threshold requirement in this case." *Id.*

In support of its Motion for Summary Judgment, American Family characterizes the Court's holding in *Schultz* as being that "the plaintiff exhausted the limits of the defendant's liability policy by accepting a below-limits settlement—$80,000 on a $100,000 limit—and then giving defendant, the UIM carrier, a credit for the full amount of liability limits." (Doc. 29 at 3). American Family argues that in the underlying action, Balvin received a settlement payment of $50,000 on a policy with limits of $100,000 and that under the "terms of American Family's policy, SDCL 58-11-9.5, and *Schultz v. Heritage Mutual Insurance Co.*, 902 F.Supp. 1051 (D.S.D. 1995), [Balvin] did not meet the threshold requirement of exhaustion," which, pointing to *Schultz*, American Family states is presumably around $80,000. (Doc. 34 at 4, 7).

American Family misconstrues this Court's holding in *Schultz*. Characterizing exhaustion as a "threshold requirement" to UIM coverage does not mean that a claimant's settlement payment must meet a certain threshold amount, but rather that exhaustion is a precondition to coverage under the policy. *See Boyle*, 656 A.2d at 943 (citing *Bogan v. Progressive Casualty Ins. Co.*, 521 N.E.2d 447, 453 (Ohio 1988) (concluding that the policy's exhaustion clause "is a valid precondition to coverage under such policy."). "In *Boyle*, which this Court relied upon heavily in *Schultz*, the court held that the plaintiff's failure to

4

exhaust the policy limits by payment of settlement was not a bar to its claim for UIM benefits.  656 A.2d at 943.  In so holding, the court reasoned that:

> To enforce the policy language strictly would have the effect of failing to provide the protection intended by the legislature for an insured driver.  In some cases it may prevent an injured insured from accepting a reasonable third party settlement and require that the third party litigation be pursued to final judgment.  This would delay recovery when prompt payment was needed, would lessen the insured's recovery by requiring him or her to pay additional costs, and would unnecessarily burden the judicial system.  "Where the best settlement available is less than the [tortfeasor's] liability limits, the insured should not be forced to forego settlement and go to trial in order to determine the issue of damages."

*Id.* (alteration in original).  The court in *Boyle* acknowledged, however, that the exhaustion clause "must be interpreted to provide protection to an insurance company against a demand by its insured to fill the 'gap' after a weak claim has been settled for an unreasonably small amount."  *Id.*  The court stated that, "the insured would have no incentive to obtain the best settlement if he or she is assured of recovering the 'gap' from the insurer," and that allowing such recovery would place an "underinsurer at an unfair disadvantage in which it had no control over the insured's right to settle but yet had to pay the difference between the settlement and the liability limits."  *Id.* (quoting *Schmidt v. Clothier*, 338 N.W.2d 256, 261 (Minn. 1983)).  To balance these conflicting interests, the court in *Boyle* stated that "when the insureds settled their claim against the tortfeasor's liability carrier for less than policy limits, the underinsured motorist carrier [is] entitled to compute its payment to its injured insureds as though the tortfeasor's policy limits had been paid."  *Id.*  Under this approach, "the insureds will not be allowed underinsured motorist benefits unless their damages exceed the maximum liability coverage provided by the liability carriers of other drivers involved in the accident; and their insurer will, in any event, be allowed to credit the full amounts of the tortfeasors' liability coverages against the insureds' damages."  *Id.* at 943-44.

In *Schultz*, this Court adopted the language from *Boyle* that exhaustion is a threshold requirement, not a barrier to obtaining UIM benefits and held "as a matter of law that [the] plaintiff exhausted the limits of [the tortfeasor's] liability policy by accepting a below-limits settlement and then giving defendant, the UIM carrier, a credit for the full amount of the liability limits."  *Schultz*, 902 F.Supp. at 1057.  A UIM insurer's policy limits are exhausted when a claimant "voluntarily decide[s] to treat the proffered settlement as a receipt of the entire policy limits for all applicable purposes," not when, as American Family argues, the settlement payment received by a claimant surpasses a certain "threshold" amount.  *See*

*Bogan v. Progressive Casualty Ins. Co.*, 521 N.E.2d 447, 453 (Ohio 1988), overruled on other grounds, *Ferrando v. Auto-Owners Mut. Ins. Co.*, 781 N.E.2d 927 (Ohio 2002).

## III.   Estoppel

In his opposition brief, Balvin also argues that "Defendant should be estopped from asserting the exhaustion clause to avoid UIM coverage because Defendant's express conduct led Plaintiff to believe that UIM coverage would still remain after settlement with the tortfeasor." (Doc. 31 at 3). The Court will not address Balvin's estoppel argument, as the facts in support of such an argument are contained in an unsigned affidavit and attachments thereto that were filed with the Court on May 27, 2020, in support of Balvin's Third Motion to Amend/Correct. (Doc. 17). Unsigned affidavits may not be considered by this Court in reviewing a motion for summary judgment. *Mason v. Clark*, 920 F.3d 493, 395 (8th Cir. 1990) ("[A]n unsigned affidavit is not sufficient evidence in support of a motion for summary judgment."); *Teseema v. Evans*, Civ. No. 09-2744, 2011 WL 3418227, at \*4 (D. Minn. Aug. 4, 2011) (citing 3 Am.Jr.3d *Affidavits* § 19; Fed. R. Civ. P. 56(c)).

The parties are reminded that even if it is ultimately established that Defendant American Family has to pay some underinsurance benefits, that does not necessarily mean that American Family has additional liability for separate damages for bad faith. The bad faith determination would be a separate determination based upon bad faith law and the relevant facts.

Accordingly, it is hereby ORDERED that American Family's Motion for Summary Judgment (Doc. 26) is DENIED and American Family's Motion to File Supplemental Brief (Doc. 30) is GRANTED.

Dated this 18th day of February, 2021.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

6