UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JARED BALVIN,<br><br>                    Plaintiff,<br><br><br>    vs.<br><br><br>AMERICAN FAMILY MUTUAL<br>INSURANCE COMPANY,<br><br>                    Defendant. | 4:19-CV-04153-LLP<br><br><br>ORDER DENYING PLAINTIFF'S<br>MOTION TO COMPEL<br><br>Docket No. 64 |

**INTRODUCTION**

This matter is before the court on plaintiff Jared Balvin's amended complaint alleging defendant American Family Mutual Insurance Company ("American Family") breached its insurance contract with Mr. Balvin and denied insurance benefits in bad faith. <u>See</u> Docket No. 54.[1] Mr. Balvin's complaint is premised on diverse citizenship among the parties and an amount in controversy in excess of $75,000. <u>Id.</u> Now pending is a motion to compel by Mr. Balvin. <u>See</u> Docket No. 64. American Family opposes the motion. <u>See</u> Docket Nos. 68 & 69. This motion was referred to this magistrate judge for

---

[1] As of the writing of this opinion, Mr. Balvin's fourth motion to amend his complaint (Docket No. 54) has been granted by the district court (Docket No. 76), but Mr. Balvin has not yet filed the actual amended complaint.

determination pursuant to 28 U.S.C. § 636(b)(1)(A) and the August 2021

standing order of the Honorable Lawrence L. Piersol, district court judge.

## DISCUSSION

Mr. Balvin's memorandum in support of his motion is four pages long,

including the caption, signature block and certificate of service.  Docket No. 65.

Two pages are devoted to text, most of which is simply a boilerplate recitation

of the standard of discovery in federal court.  Id.  The meat of his motion is

contained in a single paragraph reprinted below:

> On June 7, 2021, Defendant was served with Plaintiff's
> Interrogatories and Request for Production of Documents to
> Defendant.  The thirty-day time period for response expired on
> July 7, 2021, Defendant failed to provide answers within the
> allotted time.  On July 12, 2021, Defendant responded with
> Defendant's Objections and Answers to Plaintiff's Interrogatories
> and Defendant's Objections and Responses to Plaintiff's Requests
> for Production to Defendant.  On September 24, 2020 Defendant
> produced 1307 pages of records, approximately 53 of those pages
> were entirely black redacted pages.  Approximately 30 pages were
> also heavily redacted.  In Defendant's Objections and Responses to
> Plaintiff's Requests for Production to Defendant, Defendant does
> nothing more than cite documents that are so heavily redacted
> they serve little to no purpose.  On August 13, 2021 Plaintiff sent a
> letter requesting the unredacted records, Defendant failed to
> produce these documents and failed to give sufficient objection to
> Plaintiff's repeated requests for these documents.

Id. at pp. 2-3.  On the basis of the above description, Mr. Balvin's counsel asks

this court to enter an order compelling American Family to produce unredacted

documents and to award Mr. Balvin attorney's fees for making the motion.  Id.

at p. 3.

Local rules of practice in this district require parties wishing to file

discovery motions to make good faith efforts to resolve the dispute.  DSD LR

37.1; see also FED. R. CIV. P. 37(a)(1) (same).  If the dispute cannot be resolved through such good faith efforts by the parties, the moving party is required to file a separate certification accompanying their discovery motion describing the good faith efforts the parties engaged in to try to resolve the dispute.  Id.  No such certification was filed by Mr. Balvin's counsel in connection with the instant motion to compel.

American Family disputes that Mr. Balvin's counsel ever made any efforts to resolve the discovery matter.  See Docket No. 68.  The sole communication between Mr. Balvin's counsel and American Family while the discovery was extant was an August 13, 2021, letter in which Mr. Balvin's counsel requested a CD, but did not make mention of any redacted documents.  See Docket No. 69-2.

In his reply, Mr. Balvin's counsel appears to concede that he did not satisfy the good-faith conferral requirement, writing that "Plaintiffs [sic] counsel was not going to drive hours to Aberdeen and back uninvited to meet and confer."  Docket No. 70 at p. 1.  Of course, driving out and back to Aberdeen is not required by the rules.  Mr. Balvin's counsel could simply have placed a telephone call to American Family's counsel and talked through his issues to satisfy the conferral requirement.

In addition to the failure to confer with opposing counsel, local rules require Mr. Balvin's counsel to attach any portions of discovery materials necessary for the disposition of any motion filed.  DSD LR 26.1(C).  Mr. Balvin's counsel has failed to provide the court with the portions of his interrogatories

3

(if any) and requests for production to which he takes issue with American Family's response.  Mr. Balvin's counsel fails, even, to tell the court *which* discovery responses from American Family are unacceptable.  He takes issue with American Family's provision of redacted documents, but never tells the court to which discovery request(s) those documents pertain or whether they were produced as part of American Family's initial disclosures.  Mr. Balvin's counsel takes issue with American Family's objections to his discovery requests, but he never tells the court to which requests those objections were made, what the objection was, and why the objection should be overruled.

For its part, American Family explains that it *did* provide redacted documents as part of its initial disclosures—on September 24, *2020*—but that it prepared a privilege log to accompany those redacted documents explaining each redaction and the basis therefor.  See Docket No. 69-1 at pp. 1-4. Mr. Balvin's counsel makes no mention of the privilege log and, because he does not acknowledge its existence, does not establish what portion of the privilege log he believes is inadequate, irrelevant, or unsupportable.

Mr. Balvin's motion to compel is wholly inadequate.  The court will not issue a blanket order compelling American Family to produce anything on the basis of this showing.  It is Mr. Balvin's burden as the movant to demonstrate (1) what it is he is requesting—i.e. which discovery request is disputed, and (2) that the requested information or document is relevant.  FED. R. CIV. P. 26(b)(1) advisory committee's note (party seeking discovery must show the information is relevant to the claims or defenses of the case or, upon a showing

4

of good cause, to the subject matter of the case).  Although "[r]elevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings" the party seeking discovery must make a "threshold showing of relevance before production of information . . . is required." E.E.O.C. v. Woodmen of the World Life Ins. Society, 2007 WL 1217919 at *1 (D. Neb. Mar. 15, 2007) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978), and citing Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1993)).  "Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case."  Id. (citing Cervantes v. Time, Inc., 464 F.2d 986, 994 (8th Cir. 1972)).

## CONCLUSION

Mr. Balvin's counsel has failed to satisfy the good faith conferral requirement, he has failed to show which discovery requests are in dispute, and he has failed to make a threshold showing that the discovery requested is relevant. For these reasons it is hereby

ORDERED that plaintiff Jared Balvin's motion to compel [Docket No. 64] is denied in its entirety.

**NOTICE OF RIGHT TO APPEAL**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).   Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 2nd day of December, 2021.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge